UNITED STATES DISTRICT COURT
IN AND FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Fraserside IP, LLC, )<br>Plaintiff, )<br>v. )<br> )<br>Netvertising Ltd, d/b/a HardSexTube.com, )<br>WhoIsGuard, d/b/a HardSexTube.com, )<br>Richard Szeles and Laslo Racz, John Does )<br>1-100 and John Doe Companies 1-100, )<br>Defendants. )<br> ) | Docket No. 11-cv-03033-MWB |

**DEFENDANTS NETVERTISING LTD, D/B/A HARDSEXTUBE.COM,
RICHARD SZELES, AND LASLO RACZ'S REPLY MEMORANDUM
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Although it pains the Defendants to have to inform the Plaintiff of these facts:

• There is no widow from Nigeria looking to split her multi-million dollar inheritance with them;

• There isn't a secret trick to fight belly fat;

• Those pills don't really enhance your performance; and

• No, there aren't "500 married women looking for hot sex in Northwood, [Iowa]."

Despite what should be painfully obvious to Fraserside IP, it cannot reasonably ask this Court to base its decision about personal jurisdiction on "evidence" such as a third party's pop-up ad, which claims to advertise the availability of women in Iowa looking for adult relationships. And yet, this is precisely what Fraserside IP has done in its Resistance to the Defendants' Motion to Dismiss.

Because there remains no reasonable basis to assert personal jurisdiction over any of the Defendants in the case, Fraserside IP's complaint should be dismissed. In further support of its motion, the Defendants state as follows.

**Argument**

I.   Fraserside IP's Attempts To Base Jurisdiction On Third Party Advertisements
     Which May Have Appeared On The HardSexTube.com Website Must Fail.

In support of its Resistance, Fraserside IP makes much of the fact that third party ads and links to other websites appeared on the HardSexTube.com website, which advertisements (for other, unrelated entities) claim to have connections to Iowa.  For example, Fraserside IP offers the affidavit of its employee, Robert Bailey, in which Mr. Bailey states that he visited the www.HardSexTube.com website and, w*hen he clicked on a banner ad at the site*, he was taken to another website (www.discretemarried.com) , which claimed to have "500 married women looking for hot sex in Northwood, [Iowa]."  *See* Exhibit M to Plaintiff's Resistance.  There is no question but that the banner advertisements – and the sites to which they link – are not owned or operated by any of the Defendants.[1]

As a starting point, Mr. Bailey himself recognized that it was unlikely that the representations made on the third parties' websites were true.  *Bailey Affidavit* ("As a long-time resident of Northwood, Iowa, I am reasonably sure there are not 500 married women looking for hot sex in Northwood contrary to the advertisement.")  Undeterred by the declarations of its own affiant, however, Fraserside IP nevertheless cites these third party advertisements as evidence that the Defendants aimed their websites at Iowa, claiming that such advertisements can establish personal jurisdiction over the Defendants in this Court.  The law, however, is to the contrary.

---

[1] Indeed, the particular example provided by Fraserside IP is even one step further removed from the Defendants. The pop-up ad for DiscreteMarried.com was the result not of any agreement with DiscreteMarried.com directly, but rather Netvertising had an advertising agreement with third-party advertising company, Adxpansion, which is located in Canada.  Even if any of these companies themselves had connections with Iowa, such connections add nothing to the jurisdictional analysis of whether *Netvertising* has sufficient contacts with Iowa.  *See, e.g., Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1361 (Fed. Cir. 1998)("In simple terms, doing business with a company that does business in Minnesota is not the same as doing business in Minnesota. Indeed, as stated above, the Supreme Court has made clear that contacts resulting from 'the unilateral activity of another party or third person' are not attributable to a defendant.")

2

*See, e.g., Mavrix Photo, Inc. v. Brand Technologies, Inc.,* 647 F.3d 1218, 1225-26 (9th Cir. 2011)(although Plaintiffs alleged that the defendant "allows third parties to advertise jobs, hotels, and vacations in California on its website; sells, or allows a third-party vendor to sell, tickets to California events on its website; employs a California firm to design its website; has business relationships with a California-based national news organization, an Internet advertising agency, and a wireless provider; and maintains a 'highly interactive' website," the 9th Circuit held that "these contacts fall well short of the requisite showing for general jurisdiction. ...Third parties use Brand's website to advertise California jobs, hotels, and vacations. A substantial number of the website visitors to whom these advertisements are directed are California residents. But Brand does not 'solicit[ ] . . . business in the state' by carrying those advertisements. ...Instead, it allows other entities to solicit business by taking advantage of Brand's existing user base"); *Family Watchdog, LLC v. Schweiss*, 2009 U.S. Dist. LEXIS 59404, *16-19 (M.D. Fl. 2009)(Court considered, and rejected, the Plaintiff's argument that personal jurisdiction was proper over certain Defendants based on Plaintiff's allegations that the Defendants "have placed a prominent advertisement for NAR with a link to NAR's website on the [i]nfringing [w]ebsites and . . . receive a commission from the Florida Defendants for each purchase made by consumers that link from the [i]nfringing [w]ebsite to the NAR website in Florida," stating that "While the Schweiss Defendants may have an agreement regarding the posting of NRA's ad, that arrangement does not render NRA their 'middleman' or amount to 'doing business in Florida' in and of itself"); *Roblor Mktg. Group, Inc. v. Gps Indus., Inc.,* 645 F. Supp. 2d 1130, 1155 (S.D. Fla. 2009)("The presence of active links on Intelligolf's website is not, and should not be, enough. We agree that the fact that the website of a company that sells products in Florida can

3

be reached via a link on Intelligolfs' website is too narrow a thread on which to find a meaningful contact for the purposes of due process").[2]

Because personal jurisdiction against Netvertising cannot be based on the existence of third party advertising links, even if the owners of the linked sites claim some connection to Iowa (and even if such connections actually existed, which Fraserside IP itself recognizes is unlikely), the case against Netvertising must be dismissed.

> II. Fraserside IP Offers Nothing To Suggest That the Individual Defendants Are Subject to Jurisdiction in Iowa.

Other than its xenophobic suggestion that the affidavits of Messrs. Szeles and Racz are not to be trusted because they are "the assertions of individuals located in Hungary," (Resistance, p. 11), Fraserside IP offers nothing to support its contention that the individual defendants are subject to this Court's jurisdiction. Instead, Fraserside IP simply pretends that corporate structures are meaningless[3] and asserts that, if the court has jurisdiction over Netvertising (which it does not), it must also have jurisdiction over the individuals. This is simply not the law. *See, e.g.*, *Waitt v. Speed Control, Inc.,* 212 F. Supp. 2d 950, 958 (N.D. Iowa 2002)("Iowa has adopted the fiduciary shield doctrine... under which 'a nonresident corporate agent is not individually subject to the forum state's in personam jurisdiction if that individual's only contact with the state is by virtue of his acts as a

---

[2] Other courts have held similarly held that banner ads and website links are not the stuff of which personal jurisdiction is made. *Zamora Radio, LLC v. Last.FM, Ltd.,* 2011 U.S. Dist. LEXIS 69101 (S.D. Fla. 2011)("Although Defendant AccuRadio concedes that some of AccuRadio's ad-serving vendors may display different commercial ads to different viewers of AccuRadio's site based on the viewer's location, we agree that these advertisements are not for AccuRadio's service and AccuRadio merely provides banner advertising space on a website for unrelated products and services. ..If it were otherwise, all media outlets that feature advertisements may become subject to jurisdiction in any state regardless of whether they have actually directed their own business activities to the forum.); *Dynetech Corp. v. Leonard Fitness, Inc.,* 523 F. Supp. 2d 1344, 1347 (M.D. Fla. 2007)(advertising link on website "too narrow a thread on which to find a meaningful "contact" for the purposes of due process"); *Jennings v. Holiday Inn Sunspree Resort,* 2009 U.S. Dist. LEXIS 36193, *17 (E.D. Pa. 2009)("Plaintiffs' argument that Holiday Inns is amenable to suit anywhere and everywhere because a trademark owned by Holiday Inns is used by Sunspree in Sunspree's internet advertising is unpersuasive.")
[3] The affidavit of Jason Tucker, submitted by Fraserside IP, in which Mr. Tucker claims that "upon review of the websites, documentation, and information publically available, in my judgment, Defendants Richard Szeles and Laslo Racz are the owners or, at minimum, majority stakeholders in the websites HardSexTube and HardXXXTube" is not based on personal information and is so misleading as to be sanctionable.

4

fiduciary of the corporation.'"); *Westlake Invs., L.L.C. v. MLP Mgmt. L.L.C.,* 2010 U.S. Dist. LEXIS 49442, 22-23 (S.D. Iowa 2010)(holding that, even where the individual defendant was the sole stockholder, president, treasurer, and sole director, the fiduciary shield doctrine precluded a finding of personal jurisdiction over the individual defendant where he was "never physically present in Iowa, did not enter into contracts to transact business in Iowa, and did not communicate with Iowa residents. ... Although Breece may have been the sole member of Crown Capitol and likely conducted most if not all of the business of the company, there is insufficient evidence to suggest that there are sufficient minimum contacts with Iowa to support asserting personal jurisdiction over Breece." This was the case because, "even if a corporation causes injury in the forum state, "a person's mere association with [that] corporation . . . is not sufficient in itself to permit the forum to exercise jurisdiction over the agent.")

Because Fraserside IP has offered nothing to support its assertion of personal jurisdiction over Messrs. Szeles or Racz, the case should be dismissed as to them.

### III. Fraserside IP's Minimal Contacts With Iowa Are Not The Point.

Putting aside for a moment the inherent implausibility of Fraserside IP's insistence that the intellectual property portfolio of a multi-million dollar, international, publicly-traded company is being run out of a second-floor office in Northwood, Iowa,[4] such a position simply misses the point. The question is not what contacts *Fraserside IP* has with Iowa,[5] it is what contacts the *Defendants* have with Iowa and Fraserside IP has pointed to no such contacts.[6]

---

[4] Inexplicably, Fraserside IP also seems to want to belittle the very forum in which it has filed 17 separate lawsuits. *See* Resistance, p. 7 ("forum shopping Iowa??").

[5] Ironically, the contacts actually alleged by Fraserside IP are laughable. Fraserside IP argues that it *or its sister or parent companies* shipped 400 orders to Iowa residents in 2010 and fulfilled 2,000 internet orders from Iowa residents during that time. According to Private Media Group's 2010 Annual Report, Private (Fraserside IP's parent) reported sales of $31 million during 2010.

[6] Additionally, because Fraserside IP claims for the first time in its Resistance that it is arguing *only* that this Court has *specific* jurisdiction over the Defendants, Fraserside IP should – at a minimum – be required to prove that the Defendants' contacts with Iowa give rise to Fraserside IP's claims. Fraserside IP has not come close to doing so.

5

## Conclusion

For the reasons stated herein and in the Defendants' Memorandum in Support of Motion to Dismiss, Defendants Netvertising, Ltd., Richard Szeles, and Laslo Racz respectfully request that this Court dismiss the Plaintiff's complaint in its entirety.

    Respectfully submitted,
Netvertising Ltd., Richard Szeles, and
Laslo Racz,

By their attorneys,

/s/Evan Fray-Witzer
Evan Fray-Witzer, *pro hac vice*
Ciampa Fray-Witzer, LLP
20 Park Plaza, Suite 804
Boston, MA 02116
(617) 723-5630
Evan@CFWLegal.com

/s/Valentin Gurvits
Valentin Gurvits, *pro hac vice*
Boston Law Group, PC
825 Beacon Street, Suite 20
Newton, MA 02459
(617) 928-1804
vgurvits@bostonlawgroup.com

/s/Jennifer E. Rinden
Connie Alt        AT0000497
Jennifer E. Rinden   AT0006606
    for
SHUTTLEWORTH & INGERSOLL, P.C.
500 US Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:    (319) 365-8564
jer@shuttleworthlaw.com

## ECF CERTIFICATE OF SERVICE

I, Evan Fray-Witzer, hereby certify that on May 18, 2012, a copy of the above document was served on Chad Bellville, attorney for the plaintiff, through the Court's ECF system in accordance with FRCP 5.

/s/ Evan Fray-Witzer